## Adams' Adm'rs v. Adams.

(Decided May 29, 1936.)

H. W. ALEXANDER and EDWARD DUVALL for appellants.

F. A. HARRISON for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Owen circuit court based on the verdict of a jury in the sum of $1,200 in favor of appellee, Mrs. Zada Adams, who was the plaintiff below, against the estate of Robert S. Adams, deceased. Mr. Adams died intestate on December 7, 1933. On December 12, 1933, Loraine Adams, son of the deceased, and D. L. Johnson were appointed and qualified as administrators of his estate. A claim was presented to them on behalf of appellee in the sum of $1,400 for nursing, boarding, washing, and ironing for the decedent for one-half of the time during fourteen years next before Mr. Adams' death. Appellee is the wife of Roy Adams, a second cousin of the decedent, and it is shown in evidence that the decedent made his home at the residence of Roy Adams for at least half of the time during the period covered by appellee's claim. On the denial of her claim by the administrators, this action was filed. In her original and first amended petition, appellee alleged that the decedent promised and agreed that he would compensate her for her services after his death. By a second amended petition, she alleged that decedent promised to compensate her out of his estate and that he promised her that he would make a will devising a reasonable sum to her for taking care of him and boarding him. By their answer, appellants traversed the petition and pleaded the five-year statute of limitations (Ky. Stats. sec. 2515) as to so much of the claim as accrued prior to that time. However, a demurrer was sustained to the plea of limitations. At the trial but two witnesses testified to facts on which appellee bases her claim that a contract existed between herself and the decedent. Both of these witnesses recounted conversations with the decedent in the year 1931. William Sebree testified: "We was

talking, and he said he expected to leave it to Zeta and Mrs. Clifton, his sister." O. S. Scroggins testified: "I said, 'Bob, them people over there is awful good to you, and you ought to fix some way or other to pay them,' and he said, 'I am going to fix that in my will.'" This is all of the testimony on this subject.

Appellee's claim was based entirely on an express contract with the deceased that he would make a will and devise her a reasonable sum for taking care of him and boarding him. It was only on this theory of an express contract to pay by a testamentary bequest that appellee could avoid the bar of the five-year statute of limitations as to so much of the claim as accrued prior to that time. Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S. W. (2d) 459. Clearly, the statements made by the decedent to the effect that he intended to leave a part of his estate to appellee, or that he intended to show his appreciation for appellee's services by leaving her a part of his property, fall far short of establishing a contract with the appellee. Benge's Adm'r v. Fouts, 174 Ky. 654, 192 S. W. 703; Armstrong's Adm'r v. Shannon, 177 Ky. 547, 197 S. W. 950; Lucius' Adm'r v. Owens, 198 Ky. 114, 248 S. W. 495. It is self-evident that the mere expression of an intention to make a gift—even though it be motivated by appreciation for a service—does not establish that there was an express contract to pay or even an intention to be legally bound. The motion of the appellants for a peremptory instruction should have been sustained. All other questions are reserved.

Judgment reversed.